## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                     No. CR 08-1358 JB

JESUS FRANCISCO MORALES-ENRIQUEZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed September 29, 2008 (Doc. 16).  The Court held a sentencing hearing on October 9, 2008.  The primary issues are: (i) whether the Court should adopt the parties' stipulation and sentence Defendant Jesus Francisco Morales-Enriquez consistent with the United States Attorney's new "fast-track" or early disposition program; and (ii) whether the Court should impose a sentence of time-served, pursuant to Morales-Enriquez' oral request that the Court do so.  Because the Court has required the United States and Morales-Enriquez to modify the written plea agreement to reflect the new fast-track program, and because the Court has engaged in an abbreviated colloquy to assure itself that Morales-Enriquez understands the import of the modification and continues to want to plead guilty, the Court will accept the parties' stipulation and sentence Morales-Enriquez consistent with the modified agreement.  The Court also denies Morales-Enriquez' request for a variance.

## PROCEDURAL BACKGROUND

On June 18, 2008, Morales-Enriquez entered into a Fast Track Plea Agreement under the provisions of rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Without the Fast Track Plea Agreement, Morales-Enriquez would have an offense level of 10 and criminal history category

of IV, establishing a sentencing-guidelines imprisonment range of 15 to 21 months.  After the 2-level downward departure reflected in the Fast Track Plea Agreement, the offense level would be 8, resulting in a sentencing-guidelines imprisonment range of 10 to 16 months.

Morales-Enriquez has submitted a sentencing memorandum in which he asks the Court to accept the stipulations in the Fast Track Plea Agreement and to consider the supplements that he therein provides to the Pre-sentence Investigation Report.  See Sentencing Memorandum at 3, filed September 29, 2008 (Doc. 16)("Sentencing Memo.").  Specifically, Morales-Enriquez notes that his girlfriend's son[1] recently committed suicide, and that the suicide had been very difficult for Morales-Enriquez and for his girlfriend.  Id. at 2.  Morales-Enriquez also states that, during the time in which he was working in the United States, he had a social security number and paid into the social security system, and that he had applied to change his immigration status, but had not followed through with the process.  Id. at 2-3.

At the hearing,  Morales-Enriquez himself, rather than through his attorney, made a request for a time-served sentence.  See Transcript of October 9, 2008 Sentencing Hearing at 9:13-15 (Morales-Enriquez)("Tr.").[2]  Because a time-served sentence would fall below the applicable sentencing-guidelines range, the Court understands Morales-Enriquez to be requesting a downward variance.  The United States urged the Court not to give a time-served sentence, because such a sentence falls below the applicable sentencing-guidelines range, and because the Fast Track Plea Agreement does not permit Morales-Enriquez to request any further reduction, departure, deviation,

---

[1] While the Sentencing Memo. refers to a daughter, Morales-Enriquez' attorney clarified at the hearing that it was a son.  See Tr. at 8:13-19.

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

or variance.  See id. at 10:14-21 (Cairns); Fast Track Plea Agreement at 3.

## ANALYSIS

As indicated at the hearing, the Court accepts the Fast Track Plea Agreement and the stipulations contained therein.  The Court is satisfied that the there are justifiable reasons for the 2-level downward departure reflected in the Fast Track Plea Agreement.  The Court declines, however, to grant Morales-Enriquez' oral request for a variance.

The Fast Track Plea Agreement states: "**Defendant agrees not to seek any further reduction, departure, deviation, or variance in the Final Adjusted Offense Level or the Criminal History Category as determined by the Court**, through motion or by argument at sentencing pursuant to 18 U.S.C. §§ 3553(a)(1-7)."  Fast Track Plea Agreement at 3-4 (bold in original).  There is no indication that Morales-Enriquez entered involuntarily or unknowingly into the Fast Track Plea Agreement.   Thus, Morales-Enriquez agreed not to seek a variance. Nevertheless, given that Morales-Enriquez, and not his attorney, made the request for a time-served sentence, the Court is not convinced that Morales-Enriquez knew that asking for time-served entailed asking for a variance, in contravention of the Fast Track Plea Agreement.

While the Court recognizes that the Fast Track Plea Agreement does not allow for Morales-Enriquez to request a time-served sentence, the Court has, in deciding whether to accept the rule 11(c)(1)(C) agreement, independently considered whether a variance is appropriate.  The Court finds that, pursuant to the sentencing guidelines and other sentencing goals, a variance below the sentencing-guidelines range is not appropriate in this case.  After granting Morales-Enriquez a 2-level downward departure pursuant to the United States Attorney's Fast Track Program, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.  The Court also takes into consideration other

sentencing goals. Specifically, the Court has also considered the factors set forth in 18 U.S.C. § 3553(a)(1)-(7).

Section 3553(a)(1) mandates consideration of the nature and circumstances of the offense, and the defendant's history and characteristics. See 18 U.S.C. § 3553(a)(1). That section also directs the court to consider the need for the sentence imposed to reflect punishment, deterrence, and protection of the public, and the need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most effective manner. id. § 3553(a)(2). Further, the court is to consider the kinds of sentence available, see id. § 3553(a)(3), and the kinds of sentence and the sentencing range established under the federal sentencing guidelines, see id. § 3553(a)(4).

The sentencing court also must consider any pertinent policy statement issued under the sentencing guidelines. See id. § 3553(a)(5). The court also must be cognizant of the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See id. § 3553(a)(6). Finally, the court must consider the need to provide restitution to any victims of offense. See id. § 3553(a)(7).

In light of those factors, the Court believes that a sentence at the low end of the applicable sentencing-guidelines range is reasonable and appropriate. Morales-Enriquez illegally entered the United States after previously being deported for a felony. A sentence within the guidelines range reflects adequate punishment and at the same time serves as a deterrent for future criminal violations. The Court notes that Morales-Enriquez has a criminal history category of IV, and given that the Court has already granted Morales-Enriquez a 2-level downward departure, a variance from the resulting guidelines sentence to a time-served sentence would begin to introduce unwarranted disparities between similarly situated criminal defendants. A sentence of 10 months, which is at the

-4-

low end of the guidelines, is therefore an appropriate sentence in this case.

**IT IS ORDERED** that the request that the Court accept the parties' stipulations regarding the adjusted offense level in the Defendant's Sentencing Memorandum is granted. The oral request for a variance is denied. The Court sentences Morales-Enriquez to a term of imprisonment of 10 months. The Court will not put Morales-Enriquez on supervised release and will not impose any special conditions.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Norman Cairns
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Leon Felipe Encinias
Albuquerque, New Mexico

      *Attorney for the Defendant*

-5-